## WILDMAN v. THE STATE OF OHIO.

*Error proceedings—Reviewing court not bound by transcript of docket and journal—Original papers may be examined and considered—Criminal law—Failure of justice of peace to use proper official title—Not an admission of want of jurisdiction.*

1. An original paper, duly filed in an action, may be examined and considered by a reviewing court without reference to the transcript of the docket and journal entries.
2. When a justice of the peace has jurisdiction of an offense, the failure of such justice to designate himself with the proper official title does not constitute an admission of want of jurisdiction or furnish the basis for a reversal of his judgment.

(Decided November 5, 1923.)

ERROR: Court of Appeals for Huron county.

ON REHEARING.

*Messrs. C. P. & R. D. Wickham,* for plaintiff in error.

*Mr. Allen G. Aigler,* prosecuting attorney, for defendant in error.

CHITTENDEN, J. The plaintiff in error was convicted of a violation of the prohibition law and was duly sentenced. Upon the original hearing of this action in this court judgment was reversed on the ground that the affidavit was insufficient to state an offense against the laws of the state. That determination was reached upon an examination of the

Criminal Law, 16 C. J. § 695; 17 C. J. § 3470 (Anno.).

affidavit as set forth in the transcript of the justice's docket. The attention of this court was not called to any mistake in copying the affidavit into the transcript until the filing of the application for rehearing.

Upon an examination of the original affidavit, which was filed with the petition in error and transcript, it is found that there was an error in the transcript and that the word "apparently," as written in the justice's docket was substituted for the word "apparatus," as contained in the original affidavit. It is now urged that this court is bound by the transcript of the docket entries. The statute provides that a petition in error shall be accompanied by a transcript of the docket and journal entries and any original papers filed in the action. There could be no purpose for requiring the filing of the original papers in a reviewing court except to allow that court to inspect those papers in the course of a review of the case. We think that an original paper duly filed in an action may be examined and considered by a reviewing court without reference to the transcript of the docket and journal entries. If the records of the clerk or magistrate are found to be in error in regard to such paper, a reviewing court could return the record for correction. Such action, however, would only necessitate a needless delay and expense when the original document is itself before the court for examination. An examination of the original affidavit leads this court to the conclusion that it alleges sufficient facts to state a cause of action and place the defendant upon trial.

It is stated by counsel for plaintiff in error that

the bill of exceptions fails to disclose any apparatus of any kind found in the possession of the plaintiff in error. As stated in the opinion of this court when the case was first reviewed, the bill of exceptions fails to contain a statement that it contains all the evidence, and the record also fails to disclose that there was a motion for a new trial filed in the action. For these reasons this court can not review the evidence.

It is claimed that the record shows that the trial was before a "police justice," and that a police justice has no jurisdiction to try an offense of this character. It is admitted by counsel for the state that a police justice does not have jurisdiction to try an action of this character, but it is insisted that there was an erroneous designation of the magistrate who tried this action; that, as a matter of fact, the magistrate was a justice of the peace who had been designated by the mayor of the city of Norwalk to hear criminal matters. The statutes furnish the mayor authority to make such designation. The record before this court perhaps does not disclose the conferring of such authority upon the magistrate by the mayor, but no objection was taken to the jurisdiction of the court at the time of the trial and there was therefore no occasion for the state to produce proof of that kind. We do not find that it is now insisted that the magistrate was in fact a police justice, nor is it insisted that as a matter of fact he was not acting as a justice of the peace duly authorized by the mayor of the city of Norwalk to hear criminal cases. We cannot hold that the failure of the justice to designate himself with the proper official title constitutes an admis-

sion of want of jurisdiction or furnishes the basis for a reversal of this judgment.

Upon an examination of the entire record we are of opinion that there is no prejudicial error apparent and that the judgment must be affirmed.

*Judgment affirmed.*

KINKADE and RICHARDS, JJ., concur.